# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY L. NUNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:14-cv-00715-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL |

Plaintiff Wendy L. Nunes ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act. (ECF No. 1.) All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 5, 6.)

Plaintiff applied for Social Security benefits due to impairments arising from fibromyalgia, bilateral carpal tunnel syndrome, lumbosacral degenerative disc disease, and obesity. For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is denied.

/ / /

/ / /

/ / /

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income benefits on July 21, 2010. (AR 124.) Plaintiff's application was denied on February 22, 2011. (AR 99.) Plaintiff requested a hearing on or around September 16, 2011. (AR 108.)

On August 7, 2012, a hearing took place before administrative law judge Joseph P. Lisiecki III ("the ALJ"). (AR 68-90.) On August 29, 2012, the ALJ issued a written decision finding Plaintiff to be not disabled. (AR 19-30.) Plaintiff requested a review of the ALJ's decision on or around October 25, 2012. (AR 15.) The Appeals Council denied Plaintiff's request for review on March 15, 2014. (AR 1-3.)

## A. Plaintiff's Hearing Testimony

Plaintiff was born on July 30, 1961. (AR 70.) Plaintiff stopped working in August 2008. (AR 77.) Plaintiff got fired at that time because she could not do her job. (AR 77.) Plaintiff's pain prevented her from focusing and the company was going through some restructuring at the time. (AR 77-78.)

Plaintiff has a hard time sleeping at night because of her pain. (AR 79.) Plaintiff is usually still tired and exhausted when she wakes up. (AR 79.) When Plaintiff wakes up, she gets dressed and goes downstairs to watch TV and stays indoors. (AR 80.)

Plaintiff stated that she cannot work because the pain interferes with her ability to stand, sit, and walk. (AR 82.) When asked how far she could walk, Plaintiff stated that she can walk from the couch to the kitchen in her house. (AR 83.) Plaintiff is most comfortable when lying on her stomach. (AR 83.) Plaintiff's heels hurt when she sits normally. (AR 83.) Generally, the majority of Plaintiff's pain is in her heels, hands, and knees.

## B. Testimony of Medical Expert

Dr. Samuel Landau testified at the hearing before the ALJ as a medical expert. (AR 72.) Dr. Landau testified that Plaintiff suffers from chronic pain associated with fibromyalgia, bilateral carpal tunnel syndrome, obesity, degenerative disc disease, and primary biliary cirrhosis in remission. (AR 73.) Dr. Landau testified that Plaintiff does not meet or equal any Listing.

2

(AR 73.) Dr. Landau opined that Plaintiff's limitations would be standing, walking, or sitting six hours out of eight, lifting and carrying limited to 10 pounds frequently and 20 pounds occasionally, occasional stooping and bending, no climbing ladders, working at heights, or balancing, no forceful gripping, grasping, or twisting with her hands, and frequent fine manipulation and gross manipulation. (AR 74.)

### C.  VE Testimony

Ronald Hatakeyama testified as a vocational expert at the hearing before the ALJ ("the VE"). (AR 87.) The ALJ provided the VE with the following first set of hypothetical limitations:

- Same education, training, and work experience as Plaintiff;
- Can lift and carry 20 pounds occasionally, 10 pounds frequently;
- Can stand and walk with normal breaks for six hours in an eight hour day;
- Can sit with normal breaks for six hours in an eight hour day;
- Postural limitations "all occasional" but no climbing ladders, ropes, or scaffolds, no working with heights or balancing, no forceful gripping, grasping or twisting; and
- Able to do frequent fine manipulation and frequent gross manipulation.

(AR 88.) The VE testified that a person with such hypothetical limitations could perform past work at the light level. (AR 88.)

The ALJ provided the VE with a second set of hypothetical limitations which included no normal eight hour workdays or forty hour work weeks. (AR 88.) The ALJ testified that such a person could not work. (AR 88.)

### D.  Medical Records

The administrative record in this action includes medical records from Dr. Joe Chen, M.D. (AR 204-215, 351-354, 363-367), medical records from Dr. Andre Babajanians, M.D. (AR 216-222, 355-362), a November 23, 2010 Case Analysis authored by Dr. Sean Neely (AR 223), medical records from the Cypress Center for Disease (AR 224-335), a January 20, 2011 Complete Internal Medicine Evaluation authored by Dr. Carl. E Millner (AR 336-342), a February 22, 2011 Physical Residual Functional Capacity Assessment authored by Dr. Sean

Neely (AR 343-350), medical records from Dr. Scott D. Brunner, M.D. (AR 368-443), a July 13, 2011 Complete Psychiatric Evaluation authored by Dr. Laja Ibraheem (AR 444-449), a July 27, 2011 Psychiatric Review Technique authored by Dr. R. Tashjian (AR 450-460), a June 9, 2011 Case Analysis authored by Dr. C. Friedman (AR 461-462), medical records from Dr. Stephen Graham, M.D. (AR 463-466), medical records from Center of Family Medicine (AR 467-827), medical records from Gastroenterology Consultants (AR 828-864), medical records from Kern Valley Healthcare District (AR 865-875), medical records from Center for Family Medicine (876-790), medical records from the Centers for Family Medicine (AR 891-894), and medical records from the Cypress Center for Family Medicine (AR 895-928). The medical records will be discussed in more detail below as pertinent to the Court's analysis.

### E. The ALJ's Findings

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2013;

- Plaintiff has not engaged in substantial gainful activity since July 5, 2009, the alleged onset date;

- Plaintiff has the following severe impairments: chronic pain blamed on fibromyalgia syndrome, bilateral carpal tunnel syndrome, lumbosacral degenerative disc disease consistent with age, and obesity;

- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

- Plaintiff has the residual functional capacity to perform the following: lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours and stand or walk for six hours in an eight-hour work day, postural limitations would be all occasional but no ladders, ropes, scaffolds, heights, or balance, and no forceful gripping, grasping, or twisting but frequent fine and gross manipulation;

///

- Plaintiff is capable of performing past relevant work as an inventory control manager; and

- Plaintiff has not been under a disability, as defined in the Social Security Act, from July 5, 2009, through the date of the ALJ's decision.

(AR 24-30).

## II.

## LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY DETERMINATIONS

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

## III.

## DISCUSSION AND ANALYSIS

**A.     The ALJ Did Not Err In Assessing Dr. Ibraheem's Medical Opinion**

Plaintiff argues that the ALJ erred in rejecting the medical opinion of Dr. Laja Ibraheem and adopting the opinion of Dr. Tashjian. Dr. Ibraheem was a non-treating, examining physician

1  and Dr. Tashjian was a non-treating, non-examining physician.

2  "Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Id. (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)); see also Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("...generally a treating physician's opinion carries the most weight of the various types of physician testimony.") "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450 (9th Cir. 1984))

"The opinion of an examining physician is ... entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830 (citing Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990); Gallant v. Heckler, 753 F.2d 1450 (9th Cir. 1984)). "[T]he Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Id. (citing Pitzer, 908 F.2d at 506). "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

Dr. Laja Ibraheem authored a Complete Psychiatric Evaluation dated July 13, 2011. (AR 446-449.) With respect to Plaintiff's "Functional Assessment," Dr. Ibraheem wrote:

> Based on the examination conducted on the above date I believe that the patient would be able to focus attention adequately and follow one- and two-part instructions. She would have zero to minimal difficulty being able to remember and complete simple tasks, tolerate the stress inherent in the work environment, maintain regular attendance, and work without supervision. She would have zero to minimal difficulty being able to interact with supervisors, co-workers, and/or the general public.

(AR 449.)

1  Dr. R. Tashjian authored a Psychiatric Review Technique dated July 27, 2011. (AR 450-460.) Dr. Tashjian indicated that Plaintiff suffered "mild" limitation in the categories of "Activities of Daily Living," "Maintaining Social Functioning," and "Maintaining Concentration, Persistence, or Pace." (AR 458.) In the "Consultant's Notes," Dr. Tashjian wrote that "CLMT REPORTS PROBLEMS WITH CONCENTRATION AND MEMORY BUT RLATES[SIC] THIS TO PAIN; NO PSYCH TX." (AR 460.)

With respect to Plaintiff's concentration, the ALJ provided the following assessment:

> The third functional area is concentration, persistence or pace. In this area, the claimant has <u>mild</u> limitations. While there are complaints of trouble with concentration and memory and completing tasks, these are due to pain; and Dr. Ibraheem reported that the claimant's memory and concentration were intact (Exhibits 6E/10; 11F/3, 5). Accordingly, the evidence supports only mild restrictions in concentration, persistence, or pace.

(AR 26.)

Plaintiff argues that the ALJ's assessment of Dr. Ibraheem's opinion "casts a layer of confusion as to whether he accepted or rejected the limitations assessed by Dr. Ibraheem." Specifically, Plaintiff points to the following excerpt from the ALJ's written opinion:

> ... Dr. Ibraheem concluded that the claimant would be able to focus attention adequately and follow one- and two-step instructions and would have zero to minimal difficulty being able to remember and complete and simple tasks but did not specifically address her abilities regarding more detailed or complex work (Exhibit 11F/6). Because "zero to minimal difficulty" performing simple tasks is less than helpful in determining the capacity to perform even slightly more complex work, I give little weight to the consultative examiner's ambiguous assessment.

(AR 26.)

The Court agrees with the ALJ's assessment that Dr. Ibraheem's opinion was somewhat ambiguous. Read literally, Dr. Ibraheem did not identify any limitations with respect to Plaintiff's ability to perform complex tasks. Dr. Ibraheem did state that Plaintiff would have "zero to minimal" difficulty with respect to simple tasks. Dr. Ibraheem <u>did not</u> state that Plaintiff <u>could not</u> perform more complex tasks. In other words, Dr. Ibraheem did not state that Plaintiff could <u>only</u> perform simple tasks.

/ / /

7

The Court acknowledges that Dr. Ibraheem's written opinion could be interpreted to imply some limitation with complex tasks.  Reading between the lines, one could infer that Dr. Ibraheem's opinion that Plaintiff would have "zero to minimal difficulty" with simple tasks suggests a greater than "zero to minimal difficulty" with more complex tasks.  However, it is this Court's function to affirm the ALJ's decision if it is supported by substantial evidence, and if the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  Dr. Ibraheem's report is susceptible to more than one rational interpretation.  On one hand, the ALJ interpreted the report as not specifying any limitations in Plaintiff's concentration and ability to perform complex tasks.  On the other hand, Plaintiff interprets the report as implying a limitation in performing complex tasks.  The Court's function is not to substitute its own interpretation of the evidence in favor of the ALJ's.  Accordingly, the Court finds that the ALJ did not err in the assessment of Dr. Ibraheem's opinions.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's appeal from the administrative decision of the Commissioner is DENIED;

2. JUDGMENT is entered in favor of Defendant Commissioner of Social Security and against Plaintiff Wendy L. Nunes; and

3. The Clerk of the Court is directed to CLOSED this action.

IT IS SO ORDERED.

Dated:   **April 24, 2015**

UNITED STATES MAGISTRATE JUDGE